# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Christian
3 Royal Road
Lancaster, PA 17603

**DEFENDANTS**
Highmark Inc., and The Lancaster General Hospital and The Lancaster General Hospital Foundation

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SEE ATTACHMENT

Attorneys *(If Known)*
SEE ATTACHMENT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander  Pharmaceutical Personal Injury | | ☐ 820 Copyrights  ☐ 830 Patent | ☐ 430 Banks and Banking  ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability  ☐ 368 Asbestos Personal  ☐ 340 Marine  Injury Product  ☐ 345 Marine Product  Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability  **PERSONAL PROPERTY**  ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | **LABOR**  ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY**  ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit  ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal  Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice  Product Liability | Leave Act | | ☐ 893 Environmental Matters  ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration  ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/  Sentence | | | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty  Employment  **Other:** | **IMMIGRATION**  ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other  Other  ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ERISA, 29 U.S.C. §1101, et seq.
Brief description of cause:
ERISA claim for medical benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00±

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE Schmel
DOCKET NUMBER 5:17-cv-05612-JLS

DATE
12/27/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DEC 28 2018

**RYNE CHRISTIAN v. HIGHMARK INC., and THE LANCASTER GENERAL
HOSPITAL and THE LANCASTER GENERAL HOSPITAL FOUNDATION**

## COUNSEL LIST

Michael J. Burns, Esquire
*BOWEN & BURNS*
530 Street Road
Southampton, PA  18966
mjburnslaw@verizon.net
215.322.9030
**Attorney for Defendant, Highmark Inc.**

Graham F. Baird, Esquire
*THE LAW OFFICES OF ERIC A. SHORE*
Two Penn Center #1240
1500 JFK Boulevard
Philadelphia, PA  19102
grahamb@ericshore.com
215.627.9999
**Attorney for Plaintiff, Ryne Christian**

George C. Werner, Esquire
*BARLEY SNYDER*
126 East King Street
Lancaster, PA 17602
gwerner@barley.com
(717) 399-1511
**Attorney for Co-Defendants,
The Lancaster General Hospital, and
The Lancaster General Hospital Foundation**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JLS

18 5588

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: RYNE CHRISTIAN, 2726 ROYAL ROAD, LANCASTER, PA 17603

Address of Defendant: HIGHMARK INC., 1800 CENTER ST., CAMP HILL, PA 17011 AND THE LANCASTER GENERAL HOSPITAL AND THE LANCASTER GENERAL HOSPITAL FOUNDATION, 555 N. DUKE ST., LANCASTER, PA 17604

Place of Accident, Incident or Transaction: PENNSYLVANIA

Date Terminated: _____

THIS CASE IS RELATED TO: *Judge Schmehl*

CIVIL ACTION NO.
CRIMINAL NO. *17-CV-5612*

ASSIGNED TO:

| | Yes | No |
|---|---|---|
| year | ✓ | |
| suit | ✓ | |
| | | ✓ |
| ghts | | ✓ |

ending or within one year previously terminated action in

DATE: 12/27/2018          62088

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- 1. Indemnity Contract, Marine Contract, and All Other Contracts
- 2. FELA
- 3. Jones Act-Personal Injury
- 4. Antitrust
- 5. Patent
- 6. Labor-Management Relations
- 7. Civil Rights
- 8. Habeas Corpus
- 9. Securities Act(s) Cases
- ✓ 10. Social Security Review Cases
- ✓ 11. All other Federal Question Cases
  *(Please specify):* ERISA

**B.** *Diversity Jurisdiction Cases:*

- 1. Insurance Contract and Other Contracts
- 2. Airplane Personal Injury
- 3. Assault, Defamation
- 4. Marine Personal Injury
- 5. Motor Vehicle Personal Injury
- 6. Other Personal Injury *(Please specify):* _____
- 7. Products Liability
- 8. Products Liability – Asbestos
- 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Michael J. Burns , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 12/27/2018          62088

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

DEC 28 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

*JLS*

|  |  |  |
|---|---|---|
| RYNE CHRISTIAN | : | CIVIL ACTION |
| v. | : | |
| HIGHMARK INC., AND THE LANCASTER | : | **18   5588** |
| GENERAL HOSPITAL AND THE LANCASTER: | | NO. |
| GENERAL HOSPITAL FOUNDATION | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)



(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| | | |
|---|---|---|
| 12-27-2018 | MICHAEL J. BURNS, ESQUIRE | DEFENDANT, HIGHMARK INC. |
| **Date** | **Attorney-at-law** | **Attorney for** Defoda |
| 215-380-9030 | 215-380-9308 | mjburnslaw@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JLS
8400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYNE CHRISTIAN,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO.** _____ 18   5588 |
| | : | |
| **HIGHMARK INC., and** | : | |
| **THE LANCASTER GENERAL** | : | |
| **HOSPITAL and THE LANCASTER** | : | |
| **GENERAL HOSPITAL FOUNDATION** | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANT HIGHMARK INC.'S NOTICE OF REMOVAL

Defendant, Highmark Inc. ("Highmark"), by and through its counsel, Bowen & Burns, herein files a Notice of Removal and in support thereof avers as follows:

1.      On or about November 15, 2018, Plaintiff, Ryne Christian filed a "Civil Action Complaint" in the Court of Common Pleas of Lancaster County, Pennsylvania at Civil Action No. CI-18-09892 against Highmark, The Lancaster General Hospital, and The Lancaster General Hospital Foundation ("State Court Action") seeking judgment against all Defendants in an amount in excess of $150,000.00, *inter alia*.  Attached hereto and incorporated herein as Exhibit A is a true and correct copy of Plaintiff's Complaint as filed of record in the State Court Action; attached hereto as Exhibit B is a true and correct copy of the Docket in the State Court Action as of December 24, 2018.

1

2.      Highmark was served with Plaintiff's Complaint on or about December 5, 2018, which State Court Action is now being timely removed within thirty (30) days of the receipt of service of Plaintiff's Complaint.  *See* Exhibit B 12/19/2018 entry; also attached hereto as Exhibit C is a true and correct copy of the service of process filing as to Highmark in the State Court Action.

3.      In his Complaint, Plaintiff averred that he "was an insured under a medical insurance plan provided by Defendant Highmark to Mr. Christian though his employer, The Mennonite Home." *See* Exhibit "A" at para. 11.

4.      Further, in his Complaint in the State Court Action, Plaintiff plead a cause of action at Count II under "ERISA 29 U.S.C. §1144" and confirmed that Plaintiff, as an employee of The Mennonite Home was "entitled to receive, and did receive, various ERISA covered employee benefits." *See* Exhibit A at Count II and para, 37, respectively.[1]

5.      The Mennonite Home established and maintains a self-funded employee welfare benefit plan, not a "medical insurance plan," as defined under ERISA to provide certain health benefits to its employees, dependents, and other persons eligible.  Attached hereto as Exhibit D, in pertinent part, is the benefit booklet for the for The Mennonite Home's PPO Blue plan that provides: "Disclosure: your health benefits are entirely funded by your employer, Highmark Blue Shield provides administrative and claims payments services only."

---

[1] Indeed, in another case, Plaintiff filed suit his former employer, The Mennonite Home and asserted an ERISA cause of action for "Wrongful Termination In Violation of ERISA Section 510." *See* Plaintiff's Amended Complaint in the USDC for the Eastern District of Pennsylvania at Case No. 5:17-cv-05612-JLS.

6.     As plead, Plaintiff's Complaint establishes that his claims for medical payment arise directly and solely from and under an employee welfare benefit plan, which is a self-funded plan (not a health insurance policy) provided by his employer, The Mennonite Home, such that ERISA applies and governs.

7.     It is well-established that ERISA preempts state law cause of action 29 U.S.C.§ 1114 (a) ("… supersede any and all State laws insofar as they may now or later relate to an employee welfare benefit plan…") and, further, that an ERISA claim is removal to federal court as it involves a federal question and in accordance with the Doctrine of Complete Preemption. *See, Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-9, 111S.Ct. 478, 112 L. ED 2nd 474 (1990); Dukes v. U.S. Healthcare, Inc., 57 F. 3d 350,354 (3d. Cir. 1998).*

8.     Accordingly, inasmuch as the State County Action arises from and involves the payment of medical claims under and pursuant to an ERISA plan, *see* Exhibit A at para. 21, 23, 31, and 43, Highmark with the consent of Co-Defendants herein moves to remove the State Court Action to this Court under and pursuant to 28 U.S.C.§ 1331 and 28 U.S.C.§ 1441 (c) (1)(B) as well as in accordance with 29 U.S.C.§ 1144 (a).   Attached hereto as Exhibit E is a true and correct copy of the "Consent to Removal".

9.     In addition to Plaintiff's Complaint attached as Exhibit A, a true and correct copy of "all process, pleadings, and orders served" are attached hereto collectively as Exhibit C as per 28 U.S.C. § 1446(a). *See also* Exhibit B.

10.     Co-Defendants, The Lancaster General Hospital and The Lancaster General Hospital Foundation, through counsel, have consented to the removal of this matter from state court (i.e., the Court of Common Pleas of Lancaster County) to this federal court as per 28 U.S.C. § 1446(b)(2).

3

**WHEREFORE,** Defendant, Highmark, Inc., with the consent of all Co-Defendants, requests that its Notice for Removal be accepted and that this ERISA based action proceed in the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**BOWEN & BURNS**

Date: 12 - 27 - 2018

By: _____

**Michael J. Burns, Esquire**
**PA Atty. ID#: 62088**
**530 Street Road**
**Southampton, PA 18966**
**(215) 322-9030**
**(215) 322-9308 (fax)**
mjburnslaw@verizon.net

**Attorney for Defendant,**
**Highmark Inc.**

4

# EXHIBIT A

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Ricci Dehl

Graham F. Baird, Esquire
Attorney ID No: 92692
**THE LAW OFFICES OF ERIC A. SHORE**
Two Penn Center #1240
1500 JFK Boulevard
Philadelphia PA 19102
267.546.0131

Attorneys for Plaintiff, Ryne Christian

---

| | | |
|---|---|---|
| RYNE CHRISTIAN<br>2726 Royal Road<br>Lancaster, PA 17603 | : | **CI-18-09892**<br>COURT OF COMMON PLEAS<br>LANCASTER COUNTY |
| Plaintiff | : | JURY OF TWELVE DEMANDED |
| v. | : | No.: |
| HIGHMARK, INC.<br>1800 Center Street<br>Camp Hill, PA 17011 | : | |
| And | : | |
| THE LANCASTER GENERAL HOSPITAL<br>555 North Duke Street<br>Lancaster, PA 17604 | : | |
| And | : | |
| THE LANCASTER GENERAL<br>HOSPITAL FOUNDATION<br>555 North Duke Street<br>Lancaster, PA 17604 | : | |
| Defendants | : | |

---

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

     1.    Plaintiff, Ryne Christian (hereinafter "Plaintiff") is an adult individual residing at

the above address.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Rita Rehl

2. Defendant, Highmark, Inc. (hereinafter "Highmark"), is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having principal place of business at the above captioned address. Defendant is a citizen of the Commonwealth of Pennsylvania.

3. Defendant, The Lancaster General Hospital (hereinafter "LGH"), is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having principal place of business at the above captioned address. Defendant is a citizen of the Commonwealth of Pennsylvania.

CI-18-09892

4. Defendant, The Lancaster General Hospital Foundation (hereinafter "LGHF"), is a corporation organized by and operating under the laws of the Commonwealth of Pennsylvania and having principal place of business at the above captioned address. Defendant is a citizen of the Commonwealth of Pennsylvania.

5. The foregoing Defendants, Highmark, Inc., The Lancaster General Hospital Foundation and The Lancaster General Hospital shall all be referred to collectively herein as "Defendants."

6. This action is instituted pursuant to Pennsylvania law.

7. The causes of action in this matter, as stated more fully herein, all arose from within the geographical boundary of Lancaster County, Pennsylvania. Furthermore, the Plaintiff and certain Defendants reside in Lancaster County. Thus, pursuant to Pa.R.Civ.P. 1006, venue and jurisdiction appropriately lie with this Court. .

II. Operative Facts.

10. In August 2016, Christian sought treatment at the emergency department of a local hospital for an infection in his leg and a high fever. While being treated for those

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Risci Dehl

conditions, his treating physicians performed an ECG scan of Christian's heart. The scan revealed serious abnormalities in Christian's cardiac rhythm.

11.     In August 2016, Mr. Christian was an insured under a medical insurance plan provided by Defendant Highmark to Mr. Christian through his employer, The Mennonite Home.

12.     Soon after his emergency department visit, Christian's physicians discovered a potentially serious problem with his heart and he would be examined by specialist to ascertain a diagnosis and undergoing appropriate treatment.

**CI-18-09892**

13.     During the months of September, October, and November 2016, Christian visited cardiac specialists to determine the true nature of his diagnosis.

14.     In late November or early December 2016, Christian received his definitive diagnosis. His physicians determined that Christian had a serious heart condition called Brugada Syndrome ("Cardiac Disorder").

15.     The Cardiac Disorder causes a disruption of the heart's normal rhythm. It can lead to irregular heartbeats in the heart's ventricles—an abnormality called ventricular arrhythmia. If untreated, the irregular heartbeats can cause fainting, seizures, difficulty breathing, or sudden death. The implantation of an automatic implantable cardioverter-defibrillator (ICD) is the only treatment proved effective in treating ventricular tachycardia and fibrillation and preventing sudden death in patients with this Cardiac Disorder.

16.     In December 2016, Christian's surgeons by and on behalf of Defendants LGH and LGHF sought to treat his Cardiac Disorder by implanting an ICD in his chest.

17.     In preparation for the surgical procedure, on or about December 7, 2016, representatives of Defendants contacted Plaintiff to advise him that he was covered for the surgery.

3

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Ricci Dehl

18.     Defendant, Highmark notified Defendants, LGH and LGHF that it had coverage for the ICD surgery.

19.     On December 8, 2016, Defendant suspended Christian. On December 9, 2016, Defendant terminated Christian.

20.     Defendants LGH and LGHF performed surgery upon Plaintiff Christian to implant the ICD in his chest in mid-December 2016, on or about December 14, 2016.

**CI-18-09892**

21.     In or around mid-January, 2017, Defendants sent and Plaintiff received a bill for the surgery in the amount of $108,000.

22.     In the time leading up to the surgery, Plaintiff could and would have delayed the surgery had he known that the surgery would be uncovered by Defendant, Highmark.

23.     Consequently, Christian has incurred out-of-pocket medical expenses in excess of $100,000 for the ICD implant surgery and related treatment.

24.     Christian's medical care went uncovered despite Defendants' statements to Plaintiff advising him that he was in fact covered for the surgery should he move forward with it.

25.     As a direct and proximate result of Defendants' aforementioned conduct, Christian sustained great economic loss, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

III.  Causes of Action.

COUNT I
PENNSYLVANIA STATE LAW CLAIM
(Promissory Estoppel)

26.     Plaintiff incorporates paragraphs 1-25 as if fully set forth at length herein.

27.     On or about December 7, 2016, Defendants advised Plaintiff that he would have insurance coverage to pay for his aforementioned ICD implant surgery.

4

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Randy Dehl

28.    Based upon these statements, Mr. Christian consented to be operated upon by Defendants, The Lancaster General Hospital and The Lancaster General Hospital Foundation.

29.    Mr. Christian was unfairly terminated from his employment on or about December 9, 2016.

30.    Mr. Christian was never advised that his medical insurance was terminated prior to undergoing the surgery on or about December 14, 2016.

**CI-18-09892**

31.    At the time of the surgery, Mr. Christian had no knowledge or notice that he was uninsured for the surgery until receiving a bill of well over $100,000 from Defendants and Mr. Christian reasonably relied upon the previous statements of Defendants whereby they advised that he would be insured for the surgery.

32.    As a result of the foregoing, Christian continues to incur substantial medical bills for uncovered medical procedures.

33.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, emotional distress, mental anguish, humiliation, pain and suffering and consequential damages and a claim is made therefore.

34.    As a result of Defendants' conduct, Plaintiff hereby demands punitive and liquidated damages.

35.    Plaintiff also demands attorneys' fees and court costs.

## COUNT II
### ERISA 29 U.S.C. § 1144

36.    Plaintiff incorporates paragraphs 1-35 as if fully set forth at length herein.

37.    At all relevant times during his employment at the Mennonite Home, Plaintiff was entitled to receive, and did receive, various ERISA covered employment benefits, including health insurance coverage.

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Ricci Dehl

38.     As an employee of the Mennonite Home, Christian was covered by Mennonite Home's health insurance plan, provided by Defendant Highmark Blue Shield.

39.     As set forth above, Defendants informed Plaintiff his surgery would be covered under his medical insurance plan issued by Defendant, Highmark.

40.     In reliance upon this statement, Plaintiff Christian elected to proceed with his surgery as scheduled.

**CI-18-09892**

41.     Following his surgery, Defendants demanded payment from Christian in an amount in excess of $100,000.

42.     Manifest injustice would result in the event Mr. Christian is required to pay the full amount of the bill.

43.     As such, Defendants are equitably estopped from denying Plaintiff insurance coverage for his aforementioned surgery, and/or demanding payment for said surgery.

44.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, emotional distress, mental anguish, humiliation, pain and suffering and consequential damages and a claim is made therefore.

45.     As a result of Defendants' conduct, Plaintiff hereby demands punitive and liquidated damages.

35.     Plaintiff also demands attorneys' fees and court costs.

**IV.   Relief Requested.**

**WHEREFORE,** Plaintiff Ryne Christian, hereby demands judgment in his favor and against Defendants, Highmark, Inc., The Lancaster General Hospital and The Lancaster General Hospital Foundation, jointly and severally, in an amount in excess of $150,000.00 together with:

ENTERED AND FILED
PROTHONOTARY'S OFFICE
LANCASTER, PA
***Electronically Filed***
Nov 15 2018 01:31PM
Bicci Dehl

A.   Compensatory damages, including but not limited to: back pay, front pay, lost

wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering

B.   Punitive damages;

C.   Attorneys fees and costs of suit;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

**CI-18-09892**

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Phone: (267) 546-0124
Fax: (215) 944-6124

Attorney for Plaintiff, Ryne Christian

Date:   __November 14, 2018__

7

# EXHIBIT B

# PROTHONOTARY OF LANCASTER COUNTY

**Katherine Wood-Jacobs**
*Prothonotary*



**George Alspach**
*Solicitor*

| | |
|---|---|
| RYNE CHRISTIAN<br>vs.<br>HIGHMARK INC (et al.) | **Case Number**<br>CI-18-09892 |

## PROTHONOTARY DOCKET ENTRIES

11/15/2018    COMPLAINT FILED BY GRAHAM F. BAIRD, ESQ.

11/15/2018    CAPTION ENTRY IS:  RYNE CHRISTIAN V. HIGHMARK, INC. AND THE LANCASTER GENERAL HOSPITAL AND THE LANCASTER GENERAL HOSPITAL FOUNDATION

11/16/2018    CASE ASSIGNED TO JUDGE ASHWORTH

12/07/2018    PRAECIPE-ENTER APPEARANCE, ON BEHALF OF DEFENDANTS, LANCASTER GENERAL HOSPITAL AND LANCASTER GENERAL HOSPITAL FOUNDATION, FILED BY GEORGE WERNER, ESQ, CERTIFICATE OF SERVICE OF THE SAME AND CERTIFICATE OF COMPLIANCE

12/19/2018    11/30/2018  1:40PM SERVED THE COMPLAINT IN CIVIL ACTION (CICA) BY HANDING  A COPY TO KATHRYN F. WEINRICH (DIRECTOR & SENIOR COUNSEL), WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR THE LANCASTER GENERAL HOSPITAL AT 555 NORTH DUKE STREET, LANCASTER, PA 17603. SO ANSWERS: DEPUTY BARBARA RODRIGUEZ-SANTANA, DEPUTY SHERIFF OF LANCASTER COUNTY, PA. 11/30/2018  1:40PM SERVED THE COMPLAINT IN CIVIL ACTION (CICA) BY HANDING  A COPY TO KATHRYN F. WEINRICH (DIRECTOR & SENIOR COUNSEL), WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR THE LANCASTER GENERAL HOSPITAL FOUNDATION AT 555 NORTH DUKE STREET, LANCASTER, PA 17604. SO ANSWERS: DEPUTY BARBARA RODRIGUEZ-SANTANA, DEPUTY SHERIFF OF LANCASTER COUNTY, PA. 12/05/2018  2:36PM THE REQUESTED COMPLAINT IN CIVIL ACTION (CICA) SERVED BY THE SHERIFF OF CUMBERLAND COUNTY UPON JANET MCNEAL, EXECUTIVE ADMINISTRATIVE ASSISTANT, ADULT IN CHARGE, WHO ACCEPTED FOR HIGHMARK, INC., AT 1800 CENTER STREET, CAMP HILL, PA 17011. DEPUTY JOHN MCULLOCH, RETURN OF SERVICE ATTACHED TO AND MADE PART OF THE WITHIN RECORD.CUMBERLAND COUNTY COSTS: $37.35  REFUND CHECK 12/10/18 CHECK #8928 $62.65 SHERIFF COSTS: $107.23 SO ANSWERS, CHRISTOPHER LEPPLER

December 24, 2018

# EXHIBIT C

# SHERIFF'S OFFICE OF LANCASTER COUNTY

**Christopher Leppler**
*Sheriff*

**Michael Armer**
*Lieutenant*

**Christopher Riggs**
*Chief Deputy*

**Michael D. Hess**
*Solicitor*

RYNE CHRISTIAN
vs.
THE LANCASTER GENERAL HOSPITAL (et al.)

**Case Number**
CI-18-09892

## SHERIFF'S RETURN OF SERVICE

11/29/2018   I, CHRISTOPHER LEPPLER, SHERIFF OF LANCASTER COUNTY PA DO HEREBY DEPUTIZE THE SHERIFF OF CUMBERLAND, PENNSYLVANIA TO EXECUTE THE WRIT ON HIGHMARK, INC. AT 1800 CENTER STREET, CAMP HILL, PA 17011 AND MAKE RETURN THEREOF ACCORDING TO LAW. THIS DEPUTATION BEING MADE AT THE REQUEST OF THE PLAINTIFF.

11/30/2018   01:40 PM - SERVED THE COMPLAINT IN CIVIL ACTION (CICA) BY HANDING A COPY TO KATHRYN F. WEINRICH (DIRECTOR & SENIOR COUNSEL), WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR THE LANCASTER GENERAL HOSPITAL AT 555 NORTH DUKE STREET, LANCASTER, PA 17603. SO ANSWERS: DEPUTY BARBARA RODRIGUEZ-SANTANA, DEPUTY SHERIFF OF LANCASTER COUNTY, PA.

BARBARA GUNNET, DEPUTY

11/30/2018   01:40 PM - SERVED THE COMPLAINT IN CIVIL ACTION (CICA) BY HANDING A COPY TO KATHRYN F. WEINRICH (DIRECTOR & SENIOR COUNSEL), WHO ACCEPTED AS "ADULT PERSON IN CHARGE" FOR THE LANCASTER GENERAL HOSPITAL FOUNDATION AT 555 NORTH DUKE STREET, LANCASTER, PA 17604. SO ANSWERS: DEPUTY BARBARA RODRIGUEZ-SANTANA, DEPUTY SHERIFF OF LANCASTER COUNTY, PA.

BARBARA GUNNET, DEPUTY

12/05/2018   02:36 PM - THE REQUESTED COMPLAINT IN CIVIL ACTION (CICA) SERVED BY THE SHERIFF OF CUMBERLAND COUNTY UPON JANET MCNEAL, EXECUTIVE ADMINISTRATIVE ASSISTANT, ADULT IN CHARGE, WHO ACCEPTED FOR HIGHMARK, INC., AT 1800 CENTER STREET, CAMP HILL, PA 17011. DEPUTY JOHN MCULLOCH, RETURN OF SERVICE ATTACHED TO AND MADE PART OF THE WITHIN RECORD.

CUMBERLAND COUNTY COSTS: $37.35  REFUND CHECK 12/10/18 CHECK #8928 $62.65

SHERIFF COST: $107.23

SO ANSWERS,

December 19, 2018

CHRISTOPHER LEPPLER, SHERIFF

| DATE | CATEGORY | MEMO | CHK # | DEBIT | CREDIT |
|------|----------|------|-------|-------|--------|
| 11/27/2018 | Advance Fee | Advance Fee | 1218 | $0.00 | $150.00 |
| 11/27/2018 | Receiving, Docketing & Return | (PAID 12/03/2018) | | $9.00 | $0.00 |
| 11/27/2018 | Service | (PAID 12/03/2018) | | $9.00 | $0.00 |
| 11/27/2018 | Sheriff Training Act | (PAID 12/03/2018) 3X | | $30.00 | $0.00 |
| 11/27/2018 | Affidavit | (PAID 12/03/2018) 2X | | $3.50 | $0.00 |
| 11/27/2018 | Deputy Time | (PAID 12/03/2018) 2X | | $20.00 | $0.00 |
| 11/27/2018 | Copies | (PAID 12/03/2018) 2X | | $12.00 | $0.00 |
| 11/27/2018 | Service (Additional Defendant) | (PAID 12/03/2018) | | $12.00 | $0.00 |
| 11/29/2018 | Deputized Service | (PAID 12/03/2018) Cumberland County | | $9.00 | $0.00 |
| 11/30/2018 | Service Mileage | (PAID 12/03/2018) | | $2.73 | $0.00 |
| 12/19/2018 | Refund | | | $42.77 | $0.00 |
| | | | | $150.00 | $150.00 |

**BALANCE:** $0.00

# EXHIBIT D

# PPO BLUE

**PPO PROGRAM**

**The Mennonite Home**
**Groups 25375-90, 91**
**Effective July 1, 2016**
**Produced July, 2016**



HIGHMARKBLUESHIELD.COM
7BS12

# Table of Contents

**Introduction to Your PPO Blue Program** ........................................................................................... 1
**How Your Benefits Are Applied** ........................................................................................................ 3
  Benefit Period ..................................................................................................................................... 3
  Medical Cost-Sharing Provisions ....................................................................................................... 3
  Prescription Drug Cost-Sharing Provisions ....................................................................................... 5
**Summary of Benefits** ........................................................................................................................ 6
**Covered Services - Medical Program** ...............................................................................................12
  Ambulance Service ...........................................................................................................................12
  Anesthesia for Non-Covered Dental Procedures (Limited) .............................................................12
  Diabetes Treatment ..........................................................................................................................13
  Diagnostic Services ...........................................................................................................................13
  Durable Medical Equipment .............................................................................................................14
  Enteral Foods .....................................................................................................................................14
  Home Health Care Services ..............................................................................................................15
  Home Infusion and Suite Infusion Therapy Services .......................................................................16
  Hospice Care Services .......................................................................................................................16
  Hospital Services ...............................................................................................................................17
  Emergency Care Services ..................................................................................................................18
  Maternity Services ............................................................................................................................19
  Medical Services ...............................................................................................................................20
  Mental Health Care Services ............................................................................................................22
  Orthotic Devices ...............................................................................................................................23
  Preventive Care Services ..................................................................................................................23
  Private Duty Nursing Services ..........................................................................................................25
  Prosthetic Appliances .......................................................................................................................26
  Skilled Nursing Facility Services .......................................................................................................26
  Spinal Manipulations ........................................................................................................................26
  Substance Abuse Services ................................................................................................................26
  Surgical Services ...............................................................................................................................27
  Therapy and Rehabilitation Services ................................................................................................29
  Transplant Services ...........................................................................................................................30
**Covered Services - Prescription Drug Program** ..............................................................................31
  Covered Drugs – Incentive Formulary ..............................................................................................31
**What Is Not Covered** ......................................................................................................................33
**How PPO Blue Works** .....................................................................................................................40
  Network Care ....................................................................................................................................40
  Out-of-Network Care ........................................................................................................................40
  Out-of-Area Care ...............................................................................................................................41
  Inter-Plan Programs ..........................................................................................................................41
  The BlueCard Worldwide Program ...................................................................................................43
  Your Provider Network .....................................................................................................................44
  How to Get Your Physicians' Professional Qualifications ................................................................45
  Eligible Providers ..............................................................................................................................45
  Network Pharmacies ........................................................................................................................46

**Healthcare Management**...................................................................................**49**
Medical Management.......................................................................................49
Care Utilization Review Process ......................................................................50
Prescription Drug Management ......................................................................52
Precertification, Preauthorization and Pre-Service Claims Review Processes ...................53
**General Information** ........................................................................................**56**
Who is Eligible for Coverage..........................................................................56
Changes in Membership Status .....................................................................57
Medicare ........................................................................................................57
Leave of Absence or Layoff ...........................................................................58
Continuation of Coverage..............................................................................58
Conversion .....................................................................................................58
Termination of Your Coverage Under the Employer Contract......................59
Coordination of Benefits................................................................................59
Subrogation ...................................................................................................60
**A Recognized Identification Card** ................................................................**62**
**How to File a Claim**.......................................................................................**63**
Your Plan Activity Statement.........................................................................64
How to Voice a Complaint ..............................................................................65
Additional Information on How to File a Claim..............................................66
Determinations on Benefit Claims ................................................................67
Appeal Procedure ..........................................................................................67
**Member Service** ............................................................................................**76**
Blues On Call ..................................................................................................76
myCare Navigator ..........................................................................................77
Highmark Website .........................................................................................77
Baby Blueprints..............................................................................................78
Member Service .............................................................................................78
**Member Rights and Responsibilities** ..........................................................**80**
How We Protect Your Right to Confidentiality ..............................................80
**Terms You Should Know** ...............................................................................**82**
**Consent Decree Addendum** .........................................................................**89**
**Notice of Privacy Practices** ..........................................................................**91**

## Disclosure

*Your health benefits are entirely funded by your employer. Highmark Blue Shield provides administrative and claims payment services only.*

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RYNE CHRISTIAN, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. _____ |
| HIGHMARK, INC., and | : | |
| THE LANCASTER GENERAL | : | |
| HOSPITAL and THE LANCASTER | : | |
| GENERAL HOSPITAL FOUNDATION | : | |
| | : | |
| Defendants | : | |

## CONSENT TO REMOVAL

Co-Defendants, The Lancaster General Hospital and The Lancaster General Hospital

Foundation, through counsel, consent to the removal of this matter from state court, the Court of

Common Pleas of Lancaster County at Civil Action No. CI-18-09892, to this federal court as per

28 U.S.C. § 1446(b)(2).

BARLEY SNYDER

Date: _12-27-18_

By: _____
George C. Werner, Esquire
126 East King Street
Lancaster, PA 17602
gwerner@barley.com

**Attorney for Co-Defendants, The
Lancaster General Hospital
and The Lancaster General Hospital
Foundation**

6

## CERTIFICATE OF SERVICE

I, Michael J. Burns, Esquire, herein certifies that on  December 27, 2018,  I caused to be

served a true and correct copy of **Defendant, Highmark Inc.'s Notice of Removal** upon the

individuals listed below via electronic filing and by United States Mail, First Class, postage pre-

paid to:

Graham F. Baird, Esquire
THE LAW OFFICES OF ERIC A. SHORE
Two Penn Center #1240
1500 JFK Boulevard
Philadelphia, PA  19102
grahamb@ericshore.com
**Attorney for Plaintiff, Ryne Christian**


George C. Werner, Esquire
BARLEY SNYDER
126 East King Street
Lancaster, PA 17602
gwerner@barley.com
**Attorney for Co-Defendants, The Lancaster General Hospital**
**and The Lancaster General Hospital Foundation**

By: _____
Michael J. Burns, Esquire